UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAMIREZ,<br><br>  Petitioner,<br><br>  v.<br><br>FRANK CHAVEZ, Warden,<br><br>  Respondent. | Case No.: 1:13-cv-00601-JLT<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS (Doc. 14)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on April 22, 2013.[1] On May 1, 2013, the Court ordered Respondent to file a response to the petition. (Doc. 4). On August 1, 2013, Respondent filed the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on April 22, 2013. (Doc. 1, p. 25).

1

instant motion to dismiss, arguing that the petition is untimely under federal law.  (Doc. 14).  Petitioner has not filed an opposition to the motion to dismiss.[2]

### DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

---

[2] Petitioner has filed a document that the Clerk of the Court has docketed as an "objection" to the motion to dismiss.  (Doc. 19).  However, closer inspection of the document indicates that Petitioner is objecting not to the substance of the motion to dismiss but to Respondent's September 6, 2013 filing indicating that, on several occasions, Petitioner's mail had been returned to Respondent as "undeliverable." (Doc. 17).  Petitioner's "objection" merely explains the circumstances regarding why the mail was returned and indicating Petitioner present mailing address.

filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on April 22, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on November 20, 2008.  (Doc. 1, p. 1).  After Petitioner's appeal to the California Court of Appeal was affirmed, Petitioner filed a petition for review in the California Supreme Court which was denied on November 10, 2010.  (Doc. 15, Lodged Documents ("LD") 3, 4).  Thus, direct review would have concluded on February 8, 2011, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle,

463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, February 9, 2011, or until February 8, 2012, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on April 22, 2013, over fourteen months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

A. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling

where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents lodged with the motion to dismiss establish that Petitioner filed the following six state habeas petitions: (1) petition filed in the Superior Court of Fresno County on November 30, 2009, and denied on January 15, 2010 (LD 5, 6); (2) petition filed in the Superior Court of Fresno County on June 6, 2011 and denied on August 15, 2011 (LD 7, 8); (3) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on October 17, 2011, and denied on December 19, 2011 (LD 9, 10); (4) petition filed in the Fresno County Superior Court on October 23, 2011, and denied on January 6, 2012 (LD 11, 12); (5) petition filed in the 5th DCA on January 13, 2012, and denied on March 1, 2012 (LD 13, 14); and (6) petition filed in the California Supreme Court on May 5, 2012, and denied on August 8, 2012 (LD 15, 16).

Petitioner's first state petition, as Respondent correctly argues, has no tolling effect because it was denied prior to the commencement of the one-year period on February 9, 2011. A tolling provision has no applicability where the period to be tolled has not commenced. See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), *abrogated on other grounds*, Bennett v. Artuz, 199 F.3d 116, 122 (2d. Cir. 1999) (state collateral action filed before commencement of limitations period does not toll limitation period), *affirmed*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213. Although it may seem self-evident, a properly filed state petition cannot toll a limitation period that, as is the case here, has not even commenced to run. This is necessarily so because the period of pendency of the state petition, which defines the amount of tolling, and the period of the statute of limitation do not intersect or overlap at any point. Thus, the first state petition had no tolling implications for Petitioner.

Respondent does not challenge the tolling consequences of the second and third petitions and the interval separating them. Thus, the one-year period commenced on February 9, 2011, and continued to run until tolled by the filing of the second petition on June 6, 2011, a period of 117 days,

thus leaving Petitioner 248 remaining days of his original 365 days.

Respondent does, however, challenge the fourth and fifth petitions. Respondent contends that the fourth petition is not entitled to tolling because (1) it was filed in a lower court than the prior petition, and, thus, Petitioner was not proceeding "up the ladder" with his collateral review; and, (2) the fourth petition was not "properly filed" under the AEDPA because it was found to be successive by the Superior Court. Respondent contends that the fifth petition, while filed in a higher court, was also rejected by the 5th DCA as successive and thus it was not "properly filed" so as to trigger statutory tolling. The Court agrees with Respondent that the fourth and fifth petitions were not "properly filed" within the meaning of the AEDPA because they were deemed successive by the state courts.

Regarding proceeding "up the ladder," under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second). In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition *at the same or a lower level*" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level.")(emphasis supplied).

However, in this particular instance, even though Petitioner was not proceeding "up the ladder" regarding the fourth petition, that fact is irrelevant because the rule applies only to barring "interval" tolling between petitions. Since Petitioner filed his fourth petition while the third petition was still pending, there is no interval between the two to which this particular tolling bar could be applied.

However, Petitioner is not so fortunate as to Respondent's argument regarding successive petitions. In addition to the tolling rules discussed above, additional tolling rules apply when a petitioner files two sets, or "rounds," of state habeas petitions. Where a petitioner elects to begin a second round of petitions in the Superior Court before completing a full round of review through the highest available state court, the petitioner may be entitled to interval tolling between the first and second Superior Court petitions if the second petition is timely, and "the successive petition was

1  attempting to correct deficiencies of a prior petition," because the petitioner "is still making proper use
2  of state court procedures and habeas review is still pending." See Banjo v. Ayers, 614 F.3d 964, 968–
3  69 (9th Cir.2010).  A second round of properly filed California habeas petitions may also toll the §
4  2244(d)(1) period if the second is filed before the federal deadline expires; however, a second round
5  will not toll the AEDPA deadline if the second petition is "untimely or an improper successive
6  petition." See id., citing Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir.), cert. denied, 558 U.S.
7  871, 130 S.Ct. 193, 175 L.Ed.2d 121 (2009) (untimely state court petition not properly filed).  Under
8  California state law, a successive petition presenting additional claims that could have been presented
9  in an earlier collateral petition is, of necessity, a "delayed petition." See In re Clark, 5 Cal.4th 750,
10 770, 21 Cal.Rptr.2d 509, 855 P.2d 729 (Cal.1993).

11       Here, as Respondent correctly points out, the fourth petition was filed in a lower court, thus
12 constituting the beginning of a separate "round" of habeas petitions that is distinct from the first round,
13 consisting of the second and third petitions.  Both the fourth and fifth petitions were denied by the
14 state court as being successive, citing Clark.  In Clark, the California Supreme Court established a
15 "general rule" that "all known claims" must be presented in a single application to a given court.
16 Clark, 5 Cal. 4th at 750.  "Before considering the merits of a second or successive petition, a California
17 court will first ask whether the failure to present the claims underlying the new petition in a prior
18 petition [filed in that court] has been adequately explained, and whether that explanation justifies the
19 piecemeal presentation of the petitioner's claims."  5 Cal.4th at 774. "[A]bsent justification for the
20 failure to present all known claims in a single, timely petition for writ of habeas corpus, successive
21 and/or untimely petitions will be summarily denied. The only exception to this rule are petitions which
22 allege facts which, if proven, would establish that a fundamental miscarriage of justice occurred as a
23 result of the proceedings lead to a conviction and/or sentence." 5 Cal.4th at 797.

24       In Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807 (2005), the U.S. Supreme Court
25 held that "when a postconviction petition is untimely under state law, 'that [is] the end of the matter'
26 for purposes of § 2244(d)(2)."  Here, both the fourth and fifth petitions were deemed by the state
27 courts to be untimely, i.e., successive, under Clark, and those determinations bind this Court in the
28 analysis of the petition's timeliness.  Accordingly, these two petitions were not properly filed and thus

7

are not entitled to statutory tolling for the pendency of those petitions.

In light of the foregoing, the one-year period re-commenced the day following the denial of the third petition, i.e., on December 20, 2011, and continued to run until the filing of the sixth petition on May 4, 2012, a period of 135 days. At that point, Petitioner had consumed 252 of his 365 days (the initial 117-day period plus the 135 days between the denial of the third petition and the filing of the sixth petition), leaving only 113 days remaining.

When the sixth petition was denied on August 8, 2012, the one-year period re-commenced the following day, i.e., August 9, 2012, and continued to run unimpeded until it expired 113 days later on November 29, 2012. As discussed above, the instant petition was not filed until April 22, 2013, almost five months later. Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed.[3]

B. <u>Equitable Tolling</u>.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See <u>Holland v. Florida</u>, __U.S.__, 130 S.Ct. 2549, 2561 (2010); <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Holland</u>, 130 S.Ct. at 2652; <u>Pace v. DiGuglielmo</u>, 544 U.S. at 418. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F. 3d

---

[3] It is worth noting that, even if the fourth and fifth petitions had been "properly filed," thus entitling Petitioner to statutory tolling for their pendency and the interval in between, the instant petition would still be untimely. Even if Petitioner were entitled to statutory tolling for the entire period from the filing of the second petition until the denial of the sixth petition, nevertheless, combining the original 117 days that transpired before the filing of the second petition with the 256 days that transpired after the denial of the sixth petition and before the filing of the instant federal petition, results in a total time period of 373 days, exceeding the 365-day limitation period by 8 days. Thus, the instant petition would have been untimely by 8 days even if Petitioner were accorded all of the statutory tolling possible under this chronology.

1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. The petition refers to a head injury purportedly suffered by Petitioner when he was struck with a beer bottle in an altercation on December 9, 2007. (Doc. 1, p. 425). Also, in his response to the motion to dismiss, Petitioner mentions that at some unspecified time, he was struck with a shovel "before his arrest" and "is confused at times on procedural matters." Doc. 19, p. 2). It is unclear whether these two incidents are separate or one and the same.

Although some courts have recognized mental illness as a basis for equitable tolling of a federal statute of limitations, they have done so only where the mental "illness in fact prevent[ed] the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996); see also, Nunnally v. MacCausland, 996 F.2d 1, 6 (1st Cir.1993); United States v. Page, 1999 WL 1044829, at *1-2 (N.D.Ill. Nov. 16, 1999); Decrosta v. Runyon, 1993 WL 117583, at *2-3 (N.D.N.Y. Apr. 14, 1993); Speiser v. United States Dept. of Health & Human Services, 670 F.Supp. 380, 384 (D.D.C.1986); cf. Accardi v. United States, 435 F.2d 1239, 1241 n. 2 (3rd Cir.1970) ("Insanity does not prevent a federal statute of limitations from running."); Boos v. Runyon, 201 F.3d 178, 184 (2nd Cir.2000) ("The question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is ... highly case-specific.").

The Ninth Circuit has followed this rule in Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010), holding that a petitioner has the burden of showing that his "mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." In Bills, the Ninth Circuit established the following two-part test to determine whether equitable tolling should be permitted based on mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating that the impairment was so severe that either
>
> (a) Petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) Petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuation its filing.

9

> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills, 628 F.3d at 1099-1100. Bills notes that, "to evaluate whether a petitioner is entitled to equitable tolling, the district court must determine whether the petitioner's mental impairment made it impossible to timely file on his own." Id. at 1100-1101. However, "[w]ith respect to the necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available." Id. at 1101. Bills summarizes the relevant question as "Did the mental impairment cause an untimely filing?" Id. at 1100 n. 3.

Here, Petitioner provides no medical evidence that these head injuries impaired his mental functions in such a way that he was unable to timely file the instant petition. The Court is not unsympathetic to any injuries Petitioner might have sustained in the past; however, for purposes of the AEDPA's statute of limitations, the *only* consideration in equitable tolling is whether extraordinary circumstances beyond Petitioner's control prevented him from preparing and filing his federal petition during the relevant period, discussed above, when the one-year period was running. Since the record is devoid of any such evidence, the Court finds that Petitioner is not entitled to equitable tolling.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. at 418; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue. Accordingly, the petition is late, the motion to dismiss should be granted, and the petition should be dismissed.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 9, 2013**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE